

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2002

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Wilson" (2002). *2002 Decisions.* Paper 294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2340
_____

UNITED STATES OF AMERICA

v.

ANDRE WILSON,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00672
(Honorable Mary A. McLaughlin)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002

Before:  SCIRICA and ROSENN, Circuit Judges, and WARD, District Judge*

(Filed May 23, 2002)

     *The Honorable Robert J. Ward , United States District Judge for the Southern
District of New York, sitting by designation.

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

     This is an appeal by defendant Andre Wilson from a conviction for conspiracy (in
violation of 18 U.S.C.   371), false statements (in violation of 18 U.S.C.   924(a)(1)(A)
and 18 U.S.C.   2), and possession of a firearm by a convicted felon (in violation of 18
U.S.C.   922(g)(1)).  Defendant makes five primary arguments on appeal: (1) 18 U.S.C.
  922(g)(1) is unconstitutional; (2) his convictions were supported by insufficient
evidence; (3) the trial court erred in denying his motion to suppress the photographic
identification; (4) the trial court erred in refusing to preclude certain testimony; and (5)
his sentence was illegal.
     Because defendant's arguments are without merit, we will affirm.
                              I.
     First, Wilson contends 18 U.S.C.   922(g)(1) is unconstitutional as applied to him

because there is "no evidence that the instant violation involved interstate commerce." This argument is without merit. As we have recently stated, proof that a gun had "traveled in interstate commerce, at some point in the past, [is] sufficient to satisfy the interstate commerce element . . . ." Singletary, 268 F.3d at 205. Here, it was stipulated that the firearm in question had previously traveled in interstate commerce. Thus, 18 U.S.C. 922(g)(1) is constitutional as applied to defendant. See id.

## II.

Second, Wilson contends the evidence presented at trial was insufficient to prove he was guilty of the offenses charged. In this case, his conviction was supported by the testimony of co-defendant Kint who testified he purchased multiple firearms for Wilson (including Government Exhibit 29A, a Llama .45 firearm). Kint also testified that he showed Wilson copies of the paperwork on which Kint lied that he was the actual buyer of the firearm. In addition, another witness stated Wilson possessed the firearm in question. It is clear, therefore, that there was sufficient evidence from which a reasonable jury could have convicted the defendant. Cothran, 286 F.3d at 175 ("It is not our role to weigh the evidence or to determine the credibility of the witnesses.").

Third, Wilson contends the District Court erred in denying his motion to suppress a photographic identification because it was too suggestive. This argument is also without merit. The District Court specifically found that the eleven-picture photo array was not "suggestive at all . . . I've looked through it. The people in it are all black male appear to be of similar ages and similar physical appearance. So, I find that it was not suggestive at all and applying the seven factors from [United States v. Higgins, 458 F.2d 461 (3d Cir. 1972)], it seems that . . . this motion should be denied." We see no error.

## IV.

Fourth, Wilson contends the District Court erred in admitting evidence in violation of Rule 404(b) and Rule 403. He also contends he should have been granted a new trial. Rule 404(b) "proscribes the admission of evidence of other crimes when offered to prove bad character," but "does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense." United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999). Here, the District Court allowed Adams, Wilson's childhood friend, to testify that (1) he had received a firearm from Wilson (Government Exhibit 29A); (2) he subsequently returned Government Exhibit 29A to Wilson; and (3) Wilson told him "Cadillac William" was later arrested possessing the same gun. This testimony was evidence that Wilson possessed Government Exhibit 29A, the firearm on which his conviction was based. Thus, as the District Court observed, this testimony was not barred by Rule 404(b) because "it goes directly" to issues material to the indictment and therefore constitutes intrinsic, not extrinsic evidence. In addition, we agree the testimony was not unduly prejudicial. The trial court did not abuse its discretion in refusing to grant a new trial under Fed. R. Crim. P. 33.

## V.

Finally, Wilson contends his sentence was illegal because (1) certain counts were not grouped; (2) the trial court erred by "double penalizing"; (3) the trial court erred in refusing to downgrade his criminal history points; (4) the trial court did not order the federal and state sentences to run concurrently; and (5) there was an improper sentencing disparity.          A. Grouping

Wilson contends the conspiracy and aiding and abetting counts should have been grouped with the possession of a firearm count for sentencing under U.S.S.G. 3D1.2. But U.S.S.G. 5G1.2(c) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." Accordingly, the District Court imposed a sentence of 115 months for the firearm count (i.e., the count with the highest statutory maximum) and concurrent 60-month sentences for the other two counts. We see no error.

          B. Double Penalizing

The alleged "double penalizing" is directed by the guidelines themselves. Note 15 of U.S.S.G. 2K2.1 provides that "[p]rior felony conviction(s) resulting in an increased base offense level under subsection (a)(1), (a)(2), (a)(3), (a)(4)(A), (a)(4)(B), or (a)(6) ar also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)." Hence, we see no error.

C.  Criminal History

When a trial court, knowing it may do so, refuses a downward departure, we lack jurisdiction to review this decision.   United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996).  At sentencing, the prosecutor informed the court that adjusting the criminal history was within the court's discretion.  Similarly, defense counsel instructed the court "you could also go down to a criminal history of two or three . . . ."  After this colloquy, the trial court stated that "with respect to . . . the criminal history category . . . I have heard you but I must say that I think this is clearly a category VI situation" because the defendant had committed "very, very serious crimes," including past crimes of violence. Because we are satisfied the District Court neither misunderstood or misapplied its ability to apply a downward departure, we lack jurisdiction over this claim.

D.  Consecutive State and Federal Sentences

We review a decision to impose a concurrent or consecutive sentence for abuse of discretion.  United States v. Spiers, 82 F.3d 1274, 1277 (3d Cir. 1996).  During sentencing, the District Court exercised its discretion and imposed a federal sentence consecutive to the state sentence Wilson is presently serving.  In light of all the facts and circumstances presented, we cannot say this was an abuse of discretion.

E.  Sentencing Disparity

We have stated that "[g]enerally, disparities in sentences among co-defendants do not constitute a valid basis for downward departure in the absence of any proof of prosecutorial misconduct."  United States v. Yeaman, 248 F.3d 223, 230 (3d Cir. 2001). In this case, there has been no allegation of prosecutorial misconduct.  Moreover, Wilson's co-defendant was granted a lesser sentence because of his cooperation with the government.  We see no error.                                        VI.

For these reasons, we will affirm the judgment of conviction and sentence.


TO THE CLERK:

        Please file the foregoing opinion.




                        /s/ Anthony J. Scirica
                           Circuit Judge